IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARCUS DOMINIC BROOKS,

      Petitioner,

v.                                              Civil Action No. 3:07CV170
                                                Criminal No. 3:04CR40-002
                                                (CHIEF JUDGE BAILEY)

UNITED STATES OF AMERICA,

      Respondent.

## REPORT AND RECOMMENDATION THAT § 2255 MOTION BE DENIED

## I. INTRODUCTION

On December 27, 2007, *pro se* petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody.[1] The Government filed its response on August 8, 2008.[2] Petitioner filed a Motion for Extension of Time to File a Reply to the Government's Response on September 19, 2008.[3] The Court granted this Motion on December 3, 2008, giving the Petitioner until December 2, 2009 to file his Reply.[4] As of that date, Petitioner had not filed any additional pleadings.

## II. FACTS

**A.**    **Conviction and Sentence**

Petitioner did not sign a plea agreement. However, on November 8, 2004, petitioner entered a guilty plea to all three counts of the Superceding Indictment charging Defendant with conspiracy

---

[1] Doc. No. 167.

[2] Doc. No. 198.

[3] Doc. No. 207.

[4] Doc. No. 213

to distribute and possess with the intent to distribute in excess of 50 grams of cocaine base, also known as "crack" (Count 1), in violation of Title 21, U.S.C. §§ 846 and 841(b)(1)(A); possession with the intent to distribute approximately 108 grams of "crack" (Count 2), in violation of Title 21, U.S.C. §§ 841(a)(1) and 841(b)(1)(A) and Title 18, U.S.C. § 2; and possession with the intent to distribute approximately 129 grams of cocaine hydrochloride, also known as "coke" (Count 3), in violation of Title 21, U.S.C. §§ 841 (a)(1) and 841 (b)(1)(C) and Title 18, U.S.C. § 2.

On November 8, 2004, the petitioner entered his plea in open court. Petitioner was twenty-six years old and completed ninth grade. (Plea transcript p. 4). The Court reviewed all the rights petitioner was giving up by pleading guilty. (Id. at 13-16). During the plea hearing, the Government presented the testimony of Lieutenant Steve Harris, of the Charles Town Police Department, to establish a factual basis for the plea. (Id. at 18). The petitioner did not contest the factual basis of the plea.

After the Government presented the factual basis of the plea, the petitioner advised the Court that he was guilty of Counts 1, 2, and 3 of the indictment. (Id. at 30-31). The petitioner further stated under oath that no one had attempted to force him to plead guilty, and that he was pleading guilty of his own free will. (Id. at 31). In addition, he testified that the plea was not the result of any promises other than those contained in the plea agreement. (Id.). The petitioner testified that his attorney had adequately represented him, and that his attorney had left nothing undone. (Id. at 32). Finally, petitioner said he was in fact guilty of the crimes to which he was pleading guilty. (Id.).

At the conclusion of the hearing, the Court determined that the plea was made freely and voluntarily, that the petitioner understood the consequences of pleading guilty, and that the elements of the crime were established beyond a reasonable doubt. (Id.). The petitioner did not object to the

Court's finding. The Court accepted petitioner's guilty plea, but deferred adjudicating the defendant guilty until a sentencing hearing. (Id.).

On October 18, 2005, the petitioner appeared before the Court for sentencing. After considering several factors, including the circumstances of both crime and the defendant and the sentencing objectives of punishment, the Court sentenced the petitioner to a term of 262 months imprisonment on Counts 1 and 2 and 240 months on Count 3, all terms to be served concurrently.

**B.     Appeal**

On July 12, 2005, petitioner filed a Notice of Appeal. On August 30, 2006, the Fourth Circuit Court of Appeals affirmed the District Court's judgment, holding that petitioner was not entitled to a downward departure for acceptance of responsibility and the upward adjustment for reckless endangerment during flight was warranted.

**C.     Federal Habeas Corpus**

The petitioner raises two issues in his Motion under 28 U.S.C. §2255. First, he alleges that appellate counsel was ineffective for failure to argue on appeal that he had been sentenced under Counts 2 and 3 of the indictment. Petitioner contends in ground two that his trial counsel was ineffective for failure to raise the issue of disparity under § 3353(a)(6) as to the 100:1 "crack" ratio.

The Government's brief addressed petitioner's arguments in reverse order and first asserts that at the time petitioner was sentenced, the crack/powder disparity was well settled law and the assertion that trial counsel should have anticipated the Kimbrough decision is beyond the reasonably competent performance required by Strickland. The Government argues that petitioner's trial counsel's performance did not fall below the reasonableness standard laid out in Strickland, and therefore, petitioner was not prejudiced in the Strickland sense by his trial counsel's actions. Lastly,

the Government asserts that petitioner's appellate counsel's conduct also fell below the Strickland reasonableness standard.

**D.     Recommendation**

Based upon a review of the record, the undersigned recommends that the petitioner's § 2255 motion be denied and dismissed from the Court's docket.

### III. ANALYSIS

Counsel's conduct is measured under the two part analysis outlined in Strickland v. Washington, 466 U.S. 668 (1984):

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

Whether counsel's performance was deficient is measured by an objective reasonableness standard. In order to demonstrate prejudice, the defendant must show that but for his attorney's errors, the result of the proceeding would have been different. Id. Error by counsel which falls short of the constitutional ineffectiveness standard does not constitute cause, notwithstanding that the error may arise from inadvertence, ignorance or strategic choice. Murray v. Carrier, 477 U.S. 478 (1986); Griffin v. Aiken, 775 F.2d 1226 (4th Cir. 1985), *cert. denied*, 478 U.S. 1007 (1986).

Further, in evaluating a post guilty plea of ineffective assistance of counsel, statements made under oath affirming satisfaction with counsel are binding, absent clear and convincing evidence to the contrary. See Blackledge v. Allison, 431 U.S. 63, 74-75 (1977). A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: "he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty

4

and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1988), *cert*. *denied*, 488 U.S. 843 (1988).

## IV. DISCUSSION

### A. Appellate Counsel Was Ineffective For Failing to Argue on Appeal that Petitioner had been Sentenced Under Counts 2 and 3 of the Indictment

The specific claim is that petitioner's appellate attorney, J. Mark Sutton, failed to argue that it was plain error for the petitioner to be sentenced under counts 2 and 3 of the indictment. Petitioner argues attorney Sutton should have argued on appeal that Congress intended only simultaneous possession of multiple drugs of different schedules constituted multiple offenses. Petitioner argues that he would not have been subject to an additional conviction had attorney Sutton made this argument. Petitioner relies on United States v. Bennafield, 287 F.3d 320 (4th Cir. 2002) to support this contention. The Government argues that petitioner's reliance on Bennafield is misplaced.

As was noted above, in order to prevail on an IAC claim, petitioner must show that appellate counsel's performance fell below the reasonableness standard laid out in Strickland. The Government argues that petitioner has failed to meet this burden. Counts 2 and 3 both charged possession with the intent to distribute a controlled substance; however, these charges involved different forms of cocaine in different amounts. In Bennafield, the Court found that defendant's possession of over five grams of cocaine base found on his person and constructive possession of over 50 grams of cocaine base found in his vehicle shortly after he fled the vehicle were not separate offenses and held that defendant's two separate convictions arising out of that course of conduct constituted plain error. Id. at 323.

Petitioner's reliance on Bennafield is misplaced. In its decision, the Bennafield Court cited

United States v. Grandison, 783 F.2d 1152 (4th Cir. 1986) to distinguish the issue it faced with defendant Bennafield with the situation where a defendant simultaneously possessed multiple drugs of different schedules. The Grandison Court discussed the issue of drugs listed in different schedules, and while the situation here involves cocaine base ("crack") and cocaine hydrochloride which are forms of the same drug and are both in the same schedule (II), Congress clearly intended to statutorily penalize certain quantities of crack cocaine differently from the hydrochloride form and treat them differently under the Sentencing Guidelines.

It should also be noted that counsel on appeal is entitled to a "presumption that he decided which issues were most likely to afford relief on appeal" Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000)(en banc)(quoting Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993)). This presumption has not been rebutted here and petitioner has not shown how his appellate attorney's conduct fell below the Strickland reasonableness standard. Accordingly, petitioner has failed to show how his appellate counsel's performance was deficient, and therefore, cannot show how his defense was prejudiced. Thus, the petitioner's claim of ineffective assistance of appellate counsel is without merit.

**B.      Trial Counsel Was Ineffective For Failure to Raise the Issue of Disparity under § 3553(a)(6) as to the 100:1 "crack" Ratio**

Petitioner claims that prior to his sentencing, he told attorney Sutton to argue the disparity in petitioner's "crack" cocaine sentence. Petitioner cites U.S. v. Leroy, 373 F. Supp.2d 887 (E.D. Wis. 2005) and claims that he told attorney Sutton that pursuant to the Booker decision, the trial court would act well within its discretion in concluding that the application of U.S.S.G. 2D1.1 creates unwarranted disparity between crack and powder cocaine defendants, as well as racial disparity, contrary to § 3553(a)(6). Petitioner also claims that he reminded attorney Sutton during

6

sentencing that he should argue § 3553(a)(6) under the legal theory set out in Leroy. Petitioner concedes that attorney Sutton argued factors under § 3553(a), but argues that he failed to argue that petitioner's sentence created unwarranted disparity contrary to § 3553(a)(6). Petitioner alleges that had attorney Sutton raised these issues at sentencing, the result of his sentence would have been different.

The Government argues that by the time petitioner was sentenced in October of 2005, United States v. Booker had been decided and had made the sentencing guidelines advisory. 534 U.S. 220. The Government argues that the District Court here recognized the guideline as advisory and followed Booker when sentencing petitioner. Furthermore, the Government argues, when petitioner was sentenced, the 100:1 crack/powder disparity was in full force and effect. The Government contends that this disparity was not called into question until Kimbrough v. United States, 128 S.Ct. 558 (2007) was decided. Therefore, the Government argues, the changes in this jurisprudence since petitioner's sentence, effected by Kimbrough, cannot inform this Court's judgment as to the quality of assistance of counsel that petitioner received during his sentencing. Furthermore, the Government argues that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law.

Petitioner argues his counsel was ineffective because he failed to raise the issue of disparity under § 3553(a)(6) as to the 100:1 "crack" ratio. As previously noted, in order to prevail on a claim of ineffective assistance of counsel, a petitioner must demonstrate that his counsel's performance was deficient and that the deficient performance prejudiced the defense. Here, the petitioner has failed to demonstrate that counsel's representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-91. Accordingly, he has failed to show how counsel's

performance was deficient, and therefore, he cannot show how his defense was prejudiced. Finally, the petitioner has made no allegation that but for the alleged deficiencies of his counsel, he would not have pleaded guilty and would have insisted on going to trial.

Further, in evaluating a post guilty plea of ineffective assistance of counsel, statements made under oath affirming satisfaction with counsel are binding, absent clear and convincing evidence to the contrary. See Blackledge v. Allison, 431 U.S. 63, 75-76 (1977). A defendant who alleges ineffective assistance of counsel following a guilty plea has an even higher burden: "he must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985); Hooper v. Garraghty, 845 F.2d 471, 475 (4th Cir. 1998), *cert. denied*, 488 U.S. 843 (1988). Thus, the petitioner's claim of ineffective assistance of counsel is without merit.

## V.  RECOMMENDATION

Based upon a review of the record, the undersigned recommends that the Court enter an order **DENYING** petitioner's § 2255 motion.

Within ten (10) days after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the Recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable John Preston Bailey, Chief Judge, United States District Court. Failure to timely file objections to this Recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

8

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to the pro se petitioner and the United States Attorney for the Northern District of West Virginia as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia

**DATED**: January 5, 2009

/s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE